## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 08 2017, 8:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David W. Stone IV
Stone Law Office & Legal Research
Anderson, Indiana

Michael W. Phelps
Nunn Law Office
Bloomington, Indiana

ATTORNEY FOR APPELLEE

Michael D. Rogers
Smith Fisher Maas & Howard
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carisa Coffman,

*Appellant-Plaintiff,*

v.

Theodore Brown, Toyota Material Handling Midwest, Inc.,

*Appellees-Defendants.*

February 8, 2017

Court of Appeals Case No.
48A04-1608-CT-1975

Appeal from the Madison Circuit Court

The Honorable Angela Warner Sims, Judge

Trial Court Cause No.
48C01-1311-CT-211

**Bailey, Judge.**

# Case Summary

Carisa Coffman ("Coffman") was involved in a motor vehicle collision with Theodore Brown ("Brown") while he was working for Toyota Material Handling Midwest, Inc. ("Toyota Material"; collectively, "Toyota"). Coffman sued and, after mediation, the parties entered into a settlement agreement. Subsequent negotiations broke down concerning a release of liability as to Toyota, and Toyota sought an order to enforce the settlement agreement. The trial court granted the motion, and Coffman appeals.

We affirm.

# Issue

Coffman raises a single issue for our review, which we restate as whether the trial court erred when it entered its order enforcing the settlement agreement.

# Facts and Procedural History

Coffman and Brown were involved in a motor vehicle accident on July 10, 2013. Brown was operating a vehicle in the course of his employment with Toyota Material.

On November 18, 2013, Coffman filed suit against Brown, Toyota Material (on a theory of *respondeat superior*), and United Farm Family Mutual Insurance Company ("United Farm"). On March 6, 2014, the parties stipulated to the dismissal of United Farm from the suit.

[6] On January 23, 2014, Coffman moved the trial court for an order requiring the parties to mediate the case. The trial court entered a mediation order requiring mediation on January 24, 2014. A mediation was conducted on December 19, 2014. During the mediation, the parties reached an agreement as to damages and other matters. The agreement was reduced to writing and signed by Coffman and Toyota, and provided:

> This case is settled for $17,500.00. Plaintiff agrees to pay Farm Bureau and Anthem liens as well as any other liens and hold Defendants harmless. Each party to pay one-half of mediation expense.

(Appellee's App'x at 39.)

[7] Also on December 19, 2014, the mediator filed a mediation report with the trial court. The report informed the court that an agreement had been reached and that a joint motion to dismiss the case would be forthcoming.

[8] After the mediation, Toyota submitted a check to Coffman's counsel, and requested that the check not be deposited pending negotiation and signature of a release of liability as to Toyota. Coffman and Toyota negotiated the contents of a release. However, Coffman refused to agree to a term in the release that provided that Toyota denied liability and that the settlement payment was "not to be construed as an admission of liability on the part of any party." (Appellant's App'x at 43.) Negotiation on this and similar provisions continued for several months.

[9]     On May 19, 2015, Coffman filed a motion to set aside the settlement agreement. In her motion, Coffman argued that a mutually acceptable release was a condition precedent to the settlement agreement; or in the alternative that there was a mutual mistake of fact as to a material term of the settlement agreement, namely, "that Plaintiff would be presented with a mutually agreeable Release." (Appellant's App'x at 37.)

[10]    Toyota responded on May 29, 2015, arguing that the release was not a condition precedent of the settlement agreement, but was instead "a matter to be resolved after settlement" (Appellant's App'x at 46), and there was no mutual mistake as to the release. On June 26, 2015, Toyota filed a supplemental response to Coffman's motion, in which Toyota informed the trial court that Toyota was willing to remove the language concerning denial of liability and that Toyota had informed Coffman of this, but that Coffman had not responded. Toyota therefore requested that the trial court enforce the settlement agreement.

[11]    Coffman continued to oppose the enforcement of the agreement, arguing that Toyota's argument was "the most illogical argument undersigned counsel has encountered in nearly 20 years in the practice of law" (Appellant's App'x at 59), that contract law dictated that the settlement be set aside, and that Coffman had been damaged by the delay associated with the release negotiations. The trial court ordered mediation concerning the issue of the release and the motion to set aside the settlement agreement. Mediation was conducted on December 18, 2015, but the parties could not reach an agreement.

[12] On February 17, 2016, Toyota filed a motion seeking a hearing on its June 26, 2015, request to enforce the settlement agreement. A hearing was scheduled and continued on several occasions. Finally, on June 7, 2016, the trial court conducted a hearing on Toyota's motion to enforce the settlement. At the hearing's conclusion, the trial court took the motion under advisement.

[13] On July 29, 2016, the trial court entered its order granting Toyota's motion to enforce the settlement agreement. This appeal ensued.

# Discussion and Decision

[14] Coffman's contention that the trial court erred when it granted Toyota's motion to enforce the settlement agreement presents questions of contract law and settlement enforcement.

[15] Indiana law strongly favors the enforcement of settlement agreements. *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)), *trans. denied*. If a party agrees to settle a pending action but then refuses to carry out her obligations under the agreement, the opposing party may obtain a judgment enforcing the agreement. *Georgos*, 790 N.E.2d at 453.

[16] Settlement agreements are governed by the same principles of contract law that apply to other agreements. *Id.* Our supreme court has held that these principles may apply in the setting of settlement agreements arising from mediations governed by our state's Alternative Dispute Resolution Rules. *Id.* at 454-55.

The interpretation of a contract is a function for the courts. *Fackler v. Powell*, 891 N.E.2d 1091, 1095-96 (Ind. Ct. App. 2008), *trans. denied*. If the contract is unambiguous and the intent of the parties can be discerned from the written agreement, the court must give effect to the contract's terms. *Id.* at 1096. In such cases, the terms of the contract are conclusive and we do not construe the contract or look to extrinsic evidence, but merely apply the contractual provisions. *Id.* "'A court will not find that a contract is so uncertain as to preclude specific enforcement where a reasonable and logical interpretation will render the contract valid.'" *MH Equity Managing Member, LLC v. Sands*, 938 N.E.2d 750, 758 (Ind. Ct. App. 2010) (quoting *Conwell v. Gray Loon Outdoor Mktg. Grp., Inc.*, 906 N.E.2d 805, 813 (Ind. 2009)), *trans. denied*.

[17]     "[A] mere agreement to agree at some future time is not enforceable." *Wolvos v. Meyer*, 668 N.E.2d 671, 674 (Ind. 1996). However,

> It is quite possible for parties to make an enforceable contract binding them to prepare and execute a subsequent final agreement. In order that such may be the effect, it is necessary that the agreement shall have been expressed on all essential terms that are to be incorporated into the document. That document is understood to be a mere memorial of the agreement already reached. If the document or contract that the parties agree to make is to contain any material term that is not already agreed on, no contract has yet been made; the so-called "contract to make a contract" is not a contract at all.

*Id.* at 674-75 (quoting 1 Arthur Linton Corbin & Joseph M. Perillo, *Corbin on Contracts* § 2.8 at 133-34 (rev. ed. 1993) (footnotes omitted)). Whether an

agreement is an enforceable contract or an unenforceable agreement to agree involves looking to 1) whether the parties had an intent to be bound, and 2) the definiteness of the terms of the agreement. *Id.* at 675.

[18] Coffman contends that the trial court erred when it ordered enforcement of the settlement agreement of December 19, 2014. Coffman argues that "[i]t was improper for the trial court to require Coffman to treat the unagreed to [sic] release as being of no importance to the enforceability of the mediated settlement." (Appellant's Br. at 15.) Noting that Toyota here initially rejected but eventually conceded to a demand that a disclaimer of liability be stricken from the release that was the subject of the second mediation, Coffman argues that there was no agreement on the terms of the release and thus the settlement agreement was unenforceable. Coffman goes on to cite numerous cases that she contends support her position, and concludes that the court erroneously permitted Toyota to require a release, rendering a practical effect of "allowing the defendant to withhold the funds until Coffman signs their release." (Appellant's Br. at 22.)

[19] Put another way, Coffman's argument is that agreement on the terms of a release were essential terms of an agreement and, without release terms, there was no enforceable settlement agreement—there was, instead, merely an agreement to agree. We disagree.

[20] The settlement agreement provided:

> This case is settled for $17,500.00. Plaintiff agrees to pay Farm Bureau and Anthem liens as well as any other liens and hold Defendants harmless. Each party to pay one-half of mediation expense.

(Appellee's App'x at 2.) This agreement, signed by both parties, establishes the essential terms of a settlement agreement: Coffman agreed to settle the case in exchange for payment of $17,500.00 and undertook to satisfy various insurance liens, with each party to pay one-half of the mediation costs and Coffman undertaking to hold Toyota harmless for the insurance and other liens. A settlement is "an agreement to terminate or forestall all or part of a lawsuit," *Ansert Mech. Contractors, Inc. v. Ansert*, 690 N.E.2d 305, 307 (Ind. Ct. App. 1997) (quotation omitted), and thus settlement here requires dismissal of the case.[1] The agreement itself does not mention the necessity of a release, and there is no evidence that the release was a necessary term of the agreement—indeed, over the course of the litigation Toyota was willing to dispense with the language of the release to which Coffman had objected. Thus, as in *MH Equity*, there was a reasonable and logical interpretation of the settlement agreement within the four corners of the agreement. 938 N.E.2d at 758.

[21] Further, the trial court did not order that Coffman execute a proposed release. Rather, the court ordered that the parties "submit a stipulation of dismissal within the next 60 days" of its order enforcing the settlement agreement

---

[1] We note that the settlement agreement here, though enforceable, is very spare; a more detailed agreement might have foreclosed the present dispute entirely.

(Appellant's App'x at 13), with any subsequent release serving to memorialize the initial settlement agreement without adding substantial terms. *See Wolvos*, 668 N.E.2d at 674-75. The court's ordered remedy was squarely within the terms of the settlement agreement. Thus, both the trial court's interpretation of the agreement and its order to enforce the agreement were not erroneous.

# Conclusion

[22] The trial court did not err when it ordered the parties to submit a stipulation of dismissal in enforcement of the settlement agreement.

[23] Affirmed.

Najam, J., and May, J., concur.